DANIEL, J.
delivered the opinion of the Court.
The Defendant was presented by the Grand Jury for the Superior Court of Nottoway County, for a puhlic nuisance, in erecting a miil-dam across Little Creek, in the said ’ County, without lawful authority.
On this Presentment, an Information was filed containing two counts, charging in both, that by means of the said dam, the waters of the said creek had been rendered stagnant, and the air impure; concluding the first, to ihe common nuisance of all the citizens of the Commonwealth, residing in the neighborhood; and concluding the second, to the common nuisance of the inhabitants around the pond, naming them particularly, and all other citizens of the neighborhood. To this information, the Defendant pleaded not guilty, on which issue was taken, and two trials were had before the Jury, who, in both instances, disagreed.
*At a subsequent Term, the Attorney for the Commonwealth, by leave of the Court, amended his Information, charging in substance the same fact, and, concluding the first count, “to the great damage, and common nuisance of all the good citizens of this Commonwealth, not only there residing and inhabiting, but also going, returning, passing and repass-ing by the neighborhood of the said pond;” the other count concludes, “to the common nuisance of all the citizens of the Commonwealth. ”
To this Information, the Defendant demurred generally, and the Attorney for the Commonwealth joined in the Demurrer. The said Superior Court adjourned the case to this Court for novelty and difficulty, on the question, “What Judgment ought to be given upon the said Demurrer?”
The decision of this question calls for a more precise discrimination between public and private nuisances, than was necessary *888 for’the decision of the case of the Commonwealth against Faris, 5 Rand. p. 691.
In making this discrimination, the Court has been ably assisted by the Attorney General, and the Counsel for the Defendant, and the conclusion to which the Court has arrived, is this: That to constitute a public nuisance, the act done, or duty omitted, must affect injuriously, some thing, or right, in which the community as a body politic, have a common interest, and the facts producing this injury,_ and Connecting it with such special public right, or interest, must be both alleged, and proved. To carry this matter further, would obliterate every line that now marks the difference between public and private wrongs. The community have an interest in the preservation of the health and lives of its members; they have a right to see and provide that each shall breathe the air as pure as nature gives- it. But this interest, and this right, in no manner differs from the interest in, and right to secure,' the welfare of all its members, in every private relation. Both are provided for by private actions, or public prosecutions, according to *the nature of. the case. As it regards the case before us, we find it every where laid down, that things done, or duties omitted, which affect the public interest, are public nuisances; those, on the contrary, which affect particular individuals, are private nuisances, and redressed by private actions. We cannot find in anv decided case, the precise question before us considered, but this results from the fact, that no attempt has been made to maintain a public prosecution for a nuisance, arising from a local fixture, the effects of which are not alleged, and proved, to be injurious to some distinct public right or interest, as contra-distinguished from that interest which the public have in each of its members enjoying his own right. No precedent can be found of a prosecution of this character, which is not distinctly based on this idea. No adjudicated case condemns the allegations which thus connect the fact with the public interest, as a surplusage or unnecessary.
But, it has been strongly argued, that notwithstanding these averments are constantly found in the Indictments, in the reasoning of the Judges upon the actual wrong committed, the principal stress seems to be laid on the injury done to the neighbouring inhabitants, and the inconvenience to the public by the effect produced on highways, &c., is lightly regarded; from hence this public injury is called the shadow, while the injury to the neighbours is the real substance whereon the public prosecution is founded. It is readily conceded, that on the question of the quantum of punishment, this argument is generally sustantially correct, but we should find no difficulty in confining this punishment to the public grievance only, in every case where the parties more immediately concerned, are prosecuting their private remedies, or will not forego them. The practice of the Courts, on Indictments for breaches of the peace, furnishes the rule which should govern .in such cases. The fact, that the injury to surrounding individuals is principally regarded in estimating the grade of the Defendánt’s delinquency, may be well likened to the action íof a father for debauching his daughter and servant, whereby he lost her service, the latter is the gist of the action, without which it cannot be maintained; but, in estimating the damages, the injury to the feelings and character of the father and his family, together' with the decree of impropriety of the Defendant’s conduct, are almost exclusively regarded. The necessity of thus restricting public prosecutions for nuisances, is strongly enforced by a rule of Daw, which we find no where contradicted, that no private action can be maintained for a public nuisance, without special damage’ done to the ■ party complaining. By special damage, we understand, an injury different in kind from that of which the public complains. If a local fixture, which renders the air impure, or uncomfortable to a neighbourhood, without affecting any public right, as before described, could be made the subject of a public prosecution, it.must be because all the citizens of the’ Commonwealth are liable to' be so affected. The injury thus sustained by any particular individual, is of the same kind with that to which the public are thus liable, arising from the same cause, and affecting the same local situation. From the above rule it follows, that if this be a public offence, no private action in such case could be maintained; but, if we suppose that the public prosecution is founded on the injurious effects of such fixture on the highway, or other public right, then the private individual, who, on his own land, off the said highway, sustains an injury from the same fixture, on account of its injurious effects on his habitation, complains not at ail of an injury common to himself and the rest of the community, but of one to himself alone, and for which he of course' may have his private remedy. For these reasons, we conclude, in the language of some of the Judges who decided the aforesaid case of the Commonwealth against Faris, that to support the prosecution, on the Information before us, it ought to be alleged and proved, that the obstructions placed in Little Creek, in the County of Nottoway, produced a stagnation *of the waters thereof, in or near a public highway, or some other place, in which the public have such special interest. The general conclusion, that the stagnation of the said waters doss injure all the citizens of the Commonwealth, will not cure the want of such special averment, because the facts stated do not warrant that conclusion. The attempt made, in some of the Books referred to, to reconcile the cases, which require this precise conclusion, with those which regard the Indictment as good without,’ is unsatisfactory. It supposes, that the general conclusion is called for only in cases where the public nature to the offence is not alleged in the special averments with sufficient certainty, but no where supposes that the absence of such averments may be so supplied.
*889 , The consequence is, that the amended Jnformation filed in this case is not sufficient, and that the Defendant’s Demurrer to it should be sustained, and Judgment rendered for him.